IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CORTEZ D. BROWN, DEONTAE TATE, and JEREMY S. MELTON on behalf of themselves and all similarly situated persons, | ) ) ) ) ) ) | **Case No. 2:17-cv-02015-JTF-dkv** <br><br> **(Honorable John T. Fowlkes, Jr.)** |
| PLAINTIFFS, <br><br> v. | ) ) ) ) ) ) ) ) | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, AND TENNESSEE COMMON LAW** |
| BILL OLDHAM, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; ROBERT MOORE, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; CHARLENE McGHEE, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; DEBRA HAMMONS, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; SHELBY COUNTY, TENNESSEE, a Tennessee municipality; and TYLER TECHNOLOGIES, INC., a foreign corporation <br><br> DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF RULE 23(g)(3) MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND INTERIM LIAISON CLASS COUNSEL**

Plaintiffs Cortez D. Brown, Deontae Tate and Jeremy S. Melton  (hereinafter collectively referred to as "Plaintiffs"), and by and through their undersigned counsel of record, and, pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, submits their Memorandum of Law in Support of  their Motion for Appointment of Frank L. Watson, III and William F. Burns, partners of the law firm of Watson Burns, PLLC, as Interim Class Counsel, and Joseph S. Ozment of the Law Office of Joseph S. Ozment, PLLC and Lorna S. McClusky of Massey, McClusky, McClusky & Fuchs as Interim Liaison Class Counsel in this matter and would state:

## I.  SUMMARY

Currently, two putative Class Action complaints are pending in the Western District of Tennessee, both of which assert allegations of wrongful conduct surrounding the Shelby County Jail's handling and processing of arrestees.  While one complaint (filed by Plaintiff Issacca Powell) purports to bring Section 1983 claims against the Sheriff of Shelby County Bill Oldham, and the other complaint (filed by Plaintiffs) brings Section 1983 claims for violations number of insider officers and directors as well as a third party, both complaints clearly target common facts as to the same putative class members, namely the unlawful detention of arrestees.

As of yet, no law firm has been appointed to serve as interim Class Counsel, and, as a result, no amended, consolidated Class Complaint asserting uniform legal claims against Defendants has been filed.  Without the existence of a consolidated Class Complaint, the Court (as well as Defendants) will be burdened with multiple pre-trial motions, including Motions for Class Certification and duplicative discovery efforts with respect to the putative class. Furthermore, without Interim Class Counsel, no attorney has the ability to effectively protect the putative class' interests.  As a result, Plaintiffs respectfully move the Court to appoint her attorneys Frank L. Watson, III and William F. Burns, PLLC as Interim Class Counsel and Joseph

S. Ozment of the Law Office of Joseph S. Ozment, PLLC and Lorna S. McClusky of Massey,

McClusky, McClusky & Fuchs as Interim Liaison Class Counsel in this matter.

## II. PROCEDURAL AND FACTUAL BACKGROUND

### A.   Two Putative Class Actions Are Pending that Involve Allegations Concerning the Shelby County Jail's Failure to Process and Release Arrestees in a Lawful Manner.

On November 11, 2016, Plaintiff Issacca Powell, by and through his counsel Claiborne

H. Ferguson, filed a six page "Class Action Complaint for Civil Rights Violations" against

Sheriff Bill Oldham (hereinafter the "*Powell Action*"), asserting a Section 1983 claim on behalf

of a class of individuals who were incarcerated at the Shelby County Jail.  (A true and correct

copy of the *Powell Action* Complaint is attached hereto as **Exhibit "A"**). Although the

Complaint's allegations in the *Powell Action* are sparse, the Powell Complaint generally alleges

that the Shelby County Jail has failed to ensure the timely arraignment and release of Plaintiff

Powell and other similarly situated detainees in violation of their constitutional rights. (*Id*. at ¶¶

5, 6, 8 – 24).

On November 22, 2016, Plaintiff Powell's counsel filed a Motion for Leave to Proceed in

Forma Pauperis in order that he not be required to pay the Court's $400.00 filing fee and so that

the Clerk would issue a summons without same.  The Court granted this Motion due to the

financial condition of Plaintiff Powell. (*See,* D.E. 10 in the *Powell Action*).  Mr. Ferguson's Co-

Counsel is Brice M. Timmons of the law firm Black McLaren Jones Ryland & Griffee P.C. (D.E.

26 in the *Powell Action*).

On January 9, 2017, Plaintiffs, by and through their undersigned counsel, filed a putative

Class Action Complaint against Defendants Bill Oldham, Robert Moore, Charlene McGhee,

Debra Hammons (in their individual and official capacities), Shelby County and Tyler

Technologies, Inc. (hereinafter the "*Brown Action*"). The Class Complaint in the *Brown Action*

provides a detail account for the source and basis of how the Plaintiffs and the Class'

constitutional right rights were violated when, through its policy and practice, Shelby County adopted and implemented a defective computer system to track and process arrestees. (*See e.g.*, D.E. 1 at ¶¶s 16 – 37).

As alleged in the *Brown Action*, Defendants' acts and omissions caused numerous arrestees to be deprived of their constitutional rights by subjecting them to, *inter alia*, (i) unlawful dentition by failing and refusing to permit arrestees to post criminal bonds that are pre-set on their arrest warrants, (ii) unlawful dentition of those arrestees who have no pre-set bond contained in their arrest warrants by failing and refusing to timely process them so that they may be arraigned and have the criminal bonds set, (iii) unlawful dentition by the failing and refusing to release arrestees who have in fact posted bond, (iv) unlawful dentition by failing and refusing to release arrestees who have had their charges against dismissed, and/or (v) unlawful dentition by re-incarcerating arrestees on warrants that have been served and previously satisfied (*i.e.*, incarceration of a person on the same warrant twice). (*Id.* at ¶¶s 1, 32 – 37).

Although the *Powell Action* only asserts a single Section 1983 claim against Sheriff Oldham), the *Brown Action* also asserts causes action under Section 1983 against Sheriff Oldham and these other Shelby County employees as well as a policy and practice Section 1983 claim against Shelby County. (*Id.* at ¶¶s 49 – 55). Additionally, unlike the *Powell Action*, Plaintiffs have asserted a Negligence claim against Tyler Technologies, Inc., a vendor Shelby County hired to assist in the creation of its new computer tracking system. (*Id.* at ¶¶s 56 – 58). Defendant Tyler Technologies had experienced substantially similar problems with criminal computer tracking systems in California and Texas, among others. (*Id.* at ¶¶s 29 – 31). The Class Complaint in the *Brown Action* defines the Class and sets forth the factual and legal bases for why class certification under Rule 23 of the Federal Rules of Civil Procedure should occur. (*Id.* at ¶¶s 42 – 48).

4

Notwithstanding their minor differences, both the *Powell Action* and the *Brown Action* seek class certification of a group of arrestees who were wrongfully detained in the Shelby County Jail.  Thus, this major overlap warrants that interim Class Counsel be appointed so that the interests of the putative class can be protected while simultaneously shielding the Defendants from duplicative efforts with respect to class discovery and class certification.

**B.**      **The appointment of Interim Class Counsel is needed in this action so that the interests of the putative class can be protected and a single Motion for Class Certification can be filed and presented to the Court.**

Given that overlapping class actions exist in this matter, the appointment of Interim Class Counsel is appropriate. In particular, in the absence of the appointment of Interim Class Counsel, the Court will necessarily have to entertain two separate Motions for Class Certification. Plaintiffs submit that this is inefficient and that, instead, the Court should appoint Interim Class Counsel so that only one Motion for Class Certification is filed and that the Defendants are only subjected to Class discovery once.  Furthermore, interim class counsel is needed in order that one voice speaks for the putative class during pre-certification discovery and motion practice.

As discussed below, given both their substantial work on this matter and vast experience in class action litigation, Plaintiffs submit that their chosen attorneys at Watson Burns, should be appointed as Interim Class counsel, with Mr. Ozment and Ms. McClusky acting as Inter Liaison Class Counsel who would communicate and coordinate with other counsel to individual plaintiffs.

**C.**      **Frank L. Watson, III and William F. Burns of Watson Burns, PLLC have been appointed Class Counsel in numerous actions, have extensive  knowledge of class action law and have significant resources with which to pursue this litigation.**

Frank L. Watson, III and William F. Burns, the name members of Watson Burns, PLLC (hereinafter "Watson Burns") have significant Rule 23 experience and have been appointed class counsel in a number of successful actions throughout the nation, including several in the Western

District of Tennessee. (Declaration of Frank L. Watson, III ("Watson Decl.") at ¶¶ 3-4, attached

hereto as **Exhibit "B"**).

Many any of these cases have resulted in multi-million dollar recoveries for the class,

including:

- *Babb, et. al.  v. Wilsonart International, Inc.* Civil Action No.  01818-04, Div. 4
  (Cir. Ct. Shelby County, Tennessee filed Mar. 30, 2004)(Judge Rita
  Stotts)(appointed Co-Lead Class Counsel to consumer class action involving
  defective kitchen countertops owned by over 10,000 consumers; case was
  certified as a nationwide class action and ultimately settled for a compensatory
  damages of $23.5 million to the class).

- *Squires v. The ServiceMaster Co. and Clayton Dubilier & Rice, Inc*., CH-08-
  0471-Part II (Chancery Ct. Shelby Co., Tennessee filed Mar. 11,
  2008)(Chancellor Arnold Goldin)( appointed Co-Lead Class Counsel to
  employees who held options on ServiceMaster stock that had been wrongfully
  canceled; case settled on a class basis for $1 million)

- *Howard v. Wilkes & McHugh, P.A. et al*., Case No. 2:06-cv-2833-JMP-tmp (W.D.
  Tenn. filed Dec. 12, 2006)(Judge Jon P. McCalla)(appointed Lead Class Counsel
  in class action against law firm for charging excessive fees in medical malpractice
  cases; case settled for $4 million)

- *Ham et al. v. Swift Transportation Co., Inc.* Case No. 2:09-cv-02145-JTF (W.D.
  Tenn. filed Mar. 11, 2009)(Judge Bernice B. Donald)(appointed Co-Lead Class
  Counsel to class of approximately 8,700 student truck drivers who lost their
  commercial drivers licenses based on the alleged wrongful actions of Swift's
  trucking driving school; case settled for compensatory damages and debt write off
  valued in excess of $17 million)

- *Manjunath A. Gokare, P.C. et al v. Federal Express Corp*., Case No. 2:11-cv-
  02131-JTF-cgc (W.D. Tenn. filed Nov. 11, 2011)(Judge John T.
  Fowlkes)(appointed Co-Lead Class Counsel to class of consumers to whom
  Federal Express had improperly imposed residential surcharges for the delivery of
  packages to non-residential addresses; case was settled for $20 million to the class
  along with significant injunctive relief)

- *Youngblood v. Linebarger, Goggan, Blair & Sampson, LLP*, Case No. 10-cv-2304
  SHM-tmp (W.D. Tenn. filed 2010)(Judge Samuel H. Mays)(appointed Co-Lead
  Class Counsel in class action against law firm for its collection of an unlawful
  attorney fee from delinquent real property taxpayers) and *Youngblood v.
  Linebarger, Goggan, Blair & Sampson, LLP*, CH-13-0899-Part III (Chancery Ct.
  Shelby County, Tennessee filed June 18, 2013)(subsequent case settlement in
  state court for $7.4 million)

- *Clemans v. New Werner Co. d/b/a Werner Co*., Case No. 3:12-cv-05186-RBL (W.D. Wash. filed Mar. 2, 2012)(Judge Ronald B. Leighton)(appointed Co-Lead Class Counsel in class action alleging that an attic ladder, made by Werner Co. prior to its bankruptcy in 2006, was defective; despite Werner's bankruptcy, case was settled by Werner's agreement to replace 300,000 attic ladders sold in the U.S, the retail value of which was $48 million)

- *Goodman v. Cashman et al and CIGNA Life Insurance Co*., Case No. 3:14-cv-229-DPM (E.D. Ark. Dec. 10, 2015)(Judge D.P. Marshall)(ERISA class action certified on behalf of participants in Crittenden Hospital Associations defunct health plan and appointed Co-Lead Class Counsel; proposed settlement pending)

(Watson Decl. at ¶ 4).

Additionally, Mr. Burns served as Co-Lead Class counsel before Judge Jon P. McCalla of the United States Court for the Western District of Tennessee in the class action styled *The Farm and Industrial Supply Co., Inc. Profit Sharing Plan et al v. First Mercantile Trust Company et al*, Case No. 02-cv-2946-M/A . That class action involved ERISA and RICO claims brought to recover fee overcharges imposed on 2,500 pension plans. After substantial discovery, Mr. Burns was able to secure a settlement of over $19 million for the class.  (*Id.* at ¶ 6).

Messrs. Watson and Burns have also successfully handled Rule 23(f) appeals before the Sixth Circuit with respect to class action certifications. (*Id.* at ¶ 5). And both have taught continuing legal education seminars on class action issues. (*Id.* at ¶ 7).

In the *Powell Action*, Plaintiff's counsel is Claiborne Ferguson of the Claiborne Ferguson Law Firm, P.A., Joshua Sticker of "Just City" and Brice M. Timmons of the Black McLaren Jones Ryland & Griffee P.C. law firm.  Although Plaintiffs presume that these attorneys are very competent members of the bar, it is unknown whether any of them have ever served as Class Counsel in a class action and what is the extent, of any, as to their knowledge of class action law.

The above class action cases have required the Watson Burns firm to risk hundreds of thousands of dollars in litigation expenses by advancing these expenses on behalf of these classes a contingency fee basis.   Watson Burns has the financial strength and resources to fund class

litigation, which often requires plaintiff counsel to bear the cost of class notice, experts and significant electronic discovery costs. (Watson Decl. at ¶ 9).  On the other hand, counsel for Plaintiff Powell does not appear to have the necessary financial resources; indeed, Plaintiff's counsel requested Plaintiff be treated as a pauper so that payment of the filing fee could be avoided.  As demonstrated by their success in past class action cases, Watson Burns has the necessary significant financial resources to devote to the instant litigation.

**D.**      **Watson Burns and Its Co-Counsel have Performed Significant Work Investigating the Claims and Facts of this Matter.**

Watson Burns and their co-counsel have investigated this matter and have spent meaningful time developing claims to enable the putative Class to recover.  In November 2016, Watson Burns firm became involved in the representation of the named Plaintiffs in connection with their unlawful detention in the Shelby County Jail. It investigated the facts and circumstances that the named Plaintiff had been exposed to with respect to the Shelby County Jail as well as the various legal claims that are set forth in the Class Action Complaint. (Watson Decl. at ¶ 8).  Unlike the *Powell Action*, Plaintiffs' Class Action Complaint includes claims not only against Shelby County and certain of its employees but also a negligence claim against Tyler Technologies, Inc., a third party vendor of Shelby County, Tennessee.  Watson Burns has significant experience in class claims, particularly class negligence claims. *See*, *Ham v. Swift Transportation Co*., 275 F.R.D. 475, (W.D. Tenn. 2011)(Judge Donald)(in action where Watson Burns was appointed Co-Lead Class Counsel, district court certified class action under Rule 23(b)(3) for negligence claim (and others), rejecting defendant's claim that individual damages or causation defeated certification).

Joseph S. Ozment and Lorna S. McClusky are also very familiar with the unconstitutional conduct that has befallen the named Plaintiffs and other class members.  Mr. Ozment has represented arrestees who were unlawfully detained and he has investigated the problems that

arrestees have undergone with the General Sessions Criminal Court Judges. Ms. McClusky has likewise documented several similar cases of the Shelby County Jails refusal to release arrestees in a timely manner. (Watson Decl. at ¶ 8)

### III.  LEGAL ARGUMENT

Rule 23(g)(3) of the Federal Rules of Civil Procedure authorizes the Court to "designate interim class counsel to act on the behalf of a putative class before determining whether to certify the action as a class action." *See*, Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11.

Where there are two overlapping class actions, court frequently agree to appoint interim class counsel. *See e.g.*, *Tolmasoff v. GM, LLC*, Case No. 16-11747, 2016 U.S. Dist. LEXIS 85101 at *27 (E.D. Mich. June 30, 2016)("Here, two related lawsuits have already been filed and others may follow. Moreover, the Court believes that it would be beneficial to formally identify the counsel responsible, at this pre-certification stage, for protecting the interests of the putative class members. Therefore, the Court will designate interim counsel").

Moreover, even the prospect of that an additional class action on the same subject matter may be filed is grounds to appoint interim class counsel under Rule 23(g)(3). For example, in *Brace et al v. Methodist Le Bonheur Healthcare, the Benefits Committee*, Case No. 16-cv-2412-SHL-tmp (W.D. Tenn.)(the "*Brace Action*") the plaintiffs filed an putative ERISA class action, alleging that the defendant's benefits plan did not qualify as a "church plan" which was exempt from the funding requirements of ERISA.  There, at the outset of the case, the plaintiff's counsel sought appointment as interim class counsel under Rule 23(g)(3), although no other similar putative class action complaint had been filed. (*See*, D.E. 26 in the *Brace Action*). Anticipating

9

the possibility of future class actions being filed, Judge Lipman granted the plaintiff's motion, appointing interim class counsel and interim liaison class counsel. (A true and correct copy of said Order is attached hereto as **Exhibit "C"**).

Rule 23(g)(3) is silent as to the standards concerning the appointment of interim counsel. *Id.* However, when selecting interim class counsel, courts look to the criteria enumerated in Rule 23(g)(1)(A), which sets forth the factors to be used when appointing class counsel to a class that has been certified. *Crocker v. KV Pharmaceutical Co.*, No. 4:09-CV-198 (CEJ), 2009 U.S. LEXIS 38661 at *4 (E.D. Mo. May 7, 2009), citing *Southeast Missouri Hosp. v. C.R. Bard, Inc.,* No. 1:07cv0031 TCM, 2007 U.S. Dist. LEXIS 86392 at *1 (E.D. Mo. Nov. 21, 2007) and *In re Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D. N.Y. 2005).

Rule 23(g)(1)(A) provides that the court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

*See*, Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

Rule 23(g)(1)(B) further provides that the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." These additional considerations, among others, include "whether counsel has a good sense of what the case is about and what its value might be" and "whether counsel has prosecuted the lawsuit to this point with greater energy and to better effect than other contestants by creating work product that will be useful in the future of the litigation." *Durso v. Samsung Electronics America*, No. 2:12-cv-

5352 (DMC)(JAD), 2013 U.S. Dist. LEXIS 111412 at *9 (D.C. N.J. Aug. 7, 2013)(considering these factors when determining the appointment of interim class counsel)

   "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004)). "If a number of lawyers compete for class counsel appointment, 'designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.' MANUAL OF COMPLEX LITIGATION § 21.11. If the parties do not stipulate to class counsel, the court will need to select and designate class counsel." *Micehelle v. Arctic Zero, Inc.*, No. 12cv2063-GPC (NLS), 2013 U.S. Dist. LEXIS 30229 (S.D. Cal. Mar. 1, 2013); accord, *In re Aurora Dairy Corp.*, No. 4:08MD01907 ERW, 2008 U.S. Dist. LEXIS 32189 at *17 (E.D. Mo. Apr. 18, 2008).

   Based upon the factual background outlined above, Plaintiffs submit that Watson Burns is the applicants best able to represent the interests of the class. *See, e. g.*, *Youngblood v. Linebarger Googan Blair & Sampson, LLP*, No. 10-2304 , 2012 U.S. Dist. LEXIS 142792 at *28 (W.D. Tenn. Sept. 30, 2012)(appointing Messrs. Watson and Burns as Class Counsel, stating "Watson has acted as defense and plaintiffs' counsel in class action litigation in courts throughout the country. Burns has been appointed class co-counsel in the Western District of Tennessee. … They have handled the matter ably since its inception").

### III.   CONCLUSION

For all the foregoing reasons, Plaintiffs Cortez D. Brown, Deontae Tate and Jeremy S. Melton, pursuant to Rule 23(g)(3), respectfully move this Honorable Court to appoint Frank L. Watson, III and William F. Burns of the law firm of Watson Burns, PLLC as Interim Class Counsel and Joseph S. Ozment of the Law Office of Joseph S. Ozment, PLLC and Lorna S. McClusky of Massey, McClusky, McClusky & Fuchs as Interim Liaison Class Counsel.

DATED: this 30 th day of January 2017.

s/ Frank L. Watson, III
Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, TN 38103
Phone: (901) 529-7996
Fax: (901) 529-7998
Email: fwatson@watsonburns.com
Email: bburns@watsonburns.com

s/Joseph S. Ozment
Joseph S. Ozment (Tenn. Bar No. 15601)
THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
1448 Madison Ave.
Memphis, Tennessee 38104
Phone: (901) 525-4357
Email: jozment@oz-law.net

s/Lorna S. McClusky
Lorna S. McClusky (Tenn. Bar No. 16803)
MASSEY, MCCLUSKY, MCCLUSKY & FUCHS
3074 East Road
Memphis, Tennessee 38128
Phone: (901)384-4004
Email: lsmcclusky@gmail.com

*Counsel for Plaintiffs Cortez D. Brown. Deontae Tate and Jeremy S. Melton on behalf of themselves and the absent Class Members*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that the above and foregoing was filed on January 30, 2017, using the CM/ECF system with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court to the following parties and/or served via U.S. Mail postage pre-paid and by email:

Claiborne H. Ferguson, Esq.
THE CLAIBORNE FERGUSON LAW FIRM, P.A.
294 Washington Ave.
Memphis, TN 38103
(901) 529-6400
Email: claiborne101@yahoo.com

Brice M. Timmons, Esq.
BLACK MCLAREN JONES RYLAND & GRIFFEE PC
530 Oak Court Drive
Suite 360
Memphis, Tennessee 38117
(901) 762-0535
btimmons@blackmclaw.com

*Counsel for Plaintiff Issacca Powell*

Robert E. Craddock, Esq.
Robert L. Crawford, Esq.
Odell Horton, Jr., Esq.
WYATT, TARRANT & COMBS, LLP
1715 Aaron Brenner Drive, Suite 800
 Memphis, Tennessee 38120
(901) 537-1000
Email: rcraddock@wyattfirm.com

*Counsel for Defendants Bill Oldham,*
*Robert Moore, Charlene McGhee,*
*Debra Hammons and Shelby County, Tennessee*

Bradley E. Trammell, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Suite 2000
Memphis, Tennessee 38103
(901) 577-2121
Email: btrammell@bakerdonelson.com

*Counsel for Defendant Tyler Technologies, Inc*

/s/ Frank L. Watson, III
Frank L. Watson, III