IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **CORTEZ D. BROWN, DEONTAE TATE, and JEREMY S. MELTON** on behalf of themselves and all similarly situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>**BILL OLDHAM**, in his individual capacity and in his official capacity as the Sheriff of Shelby County, Tennessee; **ROBERT MOORE**, in his individual capacity and in his official capacity as the Jail Director of the Shelby County, Tennessee; **CHARLENE McGHEE**, in her individual capacity and in her official capacity as the of Assistant Chief Jail Security of Shelby County, Tennessee; **DEBRA HAMMONS**, in her individual capacity and in her official capacity as the Assistant Chief of Jail Programs of Shelby County, Tennessee; **SHELBY COUNTY, TENNESSEE**, a Tennessee municipality; and **TYLER TECHNOLOGIES, INC.**, a foreign corporation,<br><br>    Defendants. | Case No.:  2:17-cv-02015-JTF-dkv<br>Jury Demanded |

**DEFENDANT TYLER TECHNOLOGIES, INC.'S OPPOSITION TO PLAINTIFFS' RULE 23(g)(3) MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL AND INTERIM LIAISON CLASS COUNSEL**

At this time in the litigation, Defendant Tyler Technologies, Inc. ("Tyler") opposes the Rule 23(g)(3) Motion for Application of Interim Class Counsel and Interim Liaison Class

Counsel filed by Plaintiffs Cortez D. Brown, Deontae Tate, and Jeremy S. Melton. The motion—filed at the outset of this case before any of the defendants (including Tyler) have responded to the Complaint—is premature and does not establish a reason for appointing class counsel on an interim basis.  Under the circumstances, it would be more appropriate to wait to appoint class counsel until issues of class certification are subject to discovery and are fully addressed by the Court.[1]

## I.     ARGUMENT

This case is in its nascent stages.  Plaintiffs filed their Complaint just over a month ago, on January 9, 2017.  Defendants have not yet responded to the Complaint, and discovery has not commenced.  Notwithstanding the infancy of the case, Plaintiffs ask the Court to appoint their counsel as interim class counsel.  Although Rule 23 permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action," Fed. R. Civ. P. 23(g)(3), appointment of interim class counsel is not required, let alone appropriate, in every case.  Rather, the Court should utilize Rule 23(g) sparingly and should only appoint interim class counsel to the extent "necessary to protect the interests of the putative class."  *See* Fed. R. Civ. P. 23 advisory committee note to 2003 amendment (hereinafter, the "2003 Note"); *see also Donaldson v. Pharmacia Pension Plan*, No. 06-3-GPM, 2006 WL 1308582, at *2 (S.D. Ill. May 10, 2006) (noting that appointment of interim class counsel is only necessary in "special circumstances").

"Ordinarily," the work of class counsel prior to certification "is handled by the lawyer who filed the action."  *See* 2003 Note.  Appointment of interim class counsel is only called for in rare cases where "there may be rivalry or uncertainty that makes formal designation of interim

---

[1]   Tyler reserves the right to contest all aspects of class certification, including appointment of class counsel under Rule 23(g), at the appropriate time.

counsel appropriate." *Id.*; *see also In re Issuer Pl. Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. 67, 69-70 (S.D.N.Y. 2006) (denying motion to appoint interim class counsel where there was no apparent "rivalry among competing law firms to represent the putative class"). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation (Fourth) § 21.11). Significantly, the Court's decision not to appoint interim class counsel "does not prevent the attorney who filed the action from proceeding in it." *See* 2003 Note.

None of the factors discussed in the committee notes or the case law regarding appointment of interim class counsel are present here. To the contrary, Plaintiffs' motion simply suggests that another firm, representing a separate plaintiff, has filed a separate, potentially-related class action against *one* of the defendants in this action styled *Issacca Powell v. Bill Oldham, Sheriff of Shelby County*, Case No. 2:16-cv-02907-SHM-tmp (W.D. Tenn.). There is no suggestion that a conflict has arisen among competing firms seeking to represent the *same* class against the *same* defendants or that counsel in the two cases cannot cooperatively work together pending a full hearing on class certification. Thus, there is no reason to appoint interim class counsel at this time. *See In re Issuer Pl. Initial Pub. Offering Antitrust Litig.*, 234 F.R.D. at 69-70.[2]

---

[2] Other courts have denied motions to appoint interim class counsel under similar circumstances. *See, e.g., Trombley v. Bank of Am. Corp.*, No. 08-cv-456-JD, 2010 WL 4878992, at *2 (D.R.I. Dec. 1, 2010) ("plaintiffs have not shown what their counsel would do as interim class counsel to protect the interests of putative class members"); *Carrier v. Am. Bankers Life Assurance Co. of Fla.*, No. 05-cv-430-JD, 2006 WL 2990465, at *1 (D.N.H. Oct. 19, 2006) (denying plaintiff's motion to appoint interim class counsel where plaintiff failed to "provide[] any concrete examples of circumstances in this case under which a designated interim counsel would be advantageous for the putative class"); *see also White*, 239 F.R.D. at 683 (concluding that appointment was not warranted, because "those cases in which interim counsel is appointed are typically those in which a large number of putative class actions have been consolidated or are otherwise pending before a single court").

3

Plaintiffs have not offered any explanation why the putative class in this class needs the special protection of interim class counsel.  As a result, Tyler believes it would be better to determine appointment of class counsel at the class certification stage after the parties have had an opportunity to conduct discovery and evaluate potentially applicable arguments.

## II.     CONCLUSION

While there may come a time in the case when Plaintiffs' motion might be appropriate and Tyler may not oppose the requested relief, it is simply too early in the litigation for such a determination now.  For all of these reasons, Tyler respectfully requests that the Court deny Plaintiffs' motion at this time without prejudice.

Respectfully submitted,

TYLER TECHNOLOGIES, INC.,

By its attorneys

*/s/Bradley E. Trammell*
Bradley E. Trammell (# 13980)
BAKER DONELSON BEARMAN
    CALDWELL & BERKOWITZ
165 Madison Ave.  Ste. 2000
Memphis, TN 38103
Tel.: 901-526-2000
Fax: 901-577-0781

btrammell@bakerdonelson.com

Dated:  February 13, 2017

CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that on February 13, 2017, a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System to:

Frank L. Watson , III
WATSON BURNS, LLC
253 Adams Ave
Memphis, TN 38103

*Counsel for Plaintiffs*

Robert E. Craddock , Jr.
Odell Horton, Jr.
Robert L. Crawford
WYATT TARRANT & COMBS
P.O. Box 775000
Memphis, TN 38177-5000

*Counsel for Defendants Sheriff Bill Oldham, Jail Programmer Debra Hammons, Chief Jailor Robert Moore, Assistant Jailor Charline McGhee, and Shelby County, Tennessee*

Joseph S. Ozment
THE LAW OFFICE OF JOSEPH S. OZMENT, PLLC
1448 Madison Ave.
Memphis, TN 38104

*Counsel for Plaintiffs*

Emmett Lee Whitwell
Shelby County Attorney's Office
160 N. Main Street
Suite 950
Memphis, TN 38103

*Counsel for Defendants Sheriff Bill Oldham, Jail Programmer Debra Hammons, Chief Jailor Robert Moore, Assistant Jailor Charline McGhee, and Shelby County, Tennessee*

        /s/Bradley E. Trammell
         Bradley E. Trammell